UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MARIA ADELA RIVAS, VALTER RAMOS BRANO, GABRIEL DEJESUS TOBÓN, and EUPRIDES ARANGO, individually and on behalf of all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>CHUCK'S CAFE, INC. d/b/a THE PARAMOUNT BEACON HILL, 667 EAST BROADWAY, INC. d/b/a THE PARAMOUNT SOUTH BOSTON, EAT DRINK LAUGH RESTAURANT GROUP, MICHAEL G. CONLON, JR., and JOSEPH GREENE<br><br>Defendants. | C.A. No. _____<br>JURY DEMANDED |

## COLLECTIVE ACTION COMPLAINT

INTRODUCTION

The Plaintiffs, Maria Adela Rivas, Valter Ramos Brano, Gabriel DeJesus Tobón, and Euprides Arango, bring this collective action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), individually and on behalf of all others similarly situated against the Defendants Chuck's Cafe, Inc. d/b/a The Paramount Beacon Hill (hereinafter "Paramount Beacon Hill"), 667 East Broadway, Inc. d/b/a The Paramount South Boston (hereinafter "Paramount South Boston"), Eat Drink Laugh Restaurant Group, Michael G. Conlon, Jr., and Joseph Greene for unpaid overtime. The Plaintiffs and other similarly situated employees of the

1

Defendants regularly and customarily have worked in excess of 40 hours per week. However, these employees have not been paid time-and-a-half for these overtime hours they have worked.

## PARTIES

1. Plaintiff Maria Adela Rivas is an adult who resides in East Boston, Massachusetts and has worked as a cashier at Paramount Beacon Hill since approximately 2008.

2. Plaintiff Valter Ramos Brano is an adult who resides in East Boston, Massachusetts and has worked as a cook and dishwasher at Paramount Beacon Hill and Paramount South Boston since approximately 2011.

3. Plaintiff Gabriel DeJesus Tobón is an adult who resides in East Boston, Massachusetts and has worked as a dishwasher and a cleaner at Paramount South Boston since approximately 2011.

4. Plaintiff Euprides Arango is an adult who resides in East Boston, Massachusetts and has worked as a cook and a dishwasher at Paramount Beacon Hill since approximately 2010.

5. Defendant Chuck's Cafe, Inc. d/b/a The Paramount Beacon Hill ("Paramount Beacon Hill") is a corporation organized under the laws of Massachusetts with its principal place of business in Boston, Massachusetts.

6. Defendant 667 East Broadway, Inc. d/b/a The Paramount South Boston ("Paramount South Boston") is a corporation organized under the laws of Massachusetts with its principal place of business in Boston Massachusetts.

7. Defendant Eat Drink Laugh Restaurant Group owns Defendants Paramount Beacon Hill, Paramount South Boston, and other Boston-area restaurants including The Blarney Stone, The 21st Amendment, and West on Centre.

8. Defendant Michael G. Conlon, Jr. is an adult resident of Boston, Massachusetts. As an owner of Paramount Beacon Hill and Paramount South Boston, as well as a founder of Eat Drink Laugh Restaurant Group, Mr. Conlon is involved with the restaurants' operations and has exercised control over the pay practices of Paramount Beacon Hill, Paramount South Boston, The Blarney Stone, The 21st Amendment, and West on Centre. Mr. Conlon is an "employer" under 29 U.S.C. § 203(d).

9. Defendant Joseph Greene is an adult resident of Boston, Massachusetts. As an owner of Paramount Beacon Hill and Paramount South Boston, as well as a founder of Eat Drink Laugh Restaurant Group, Mr. Greene is involved with the restaurants' operations and has exercised control over the pay practices of Paramount Beacon Hill, Paramount South Boston, The Blarney Stone, The 21st Amendment, and West on Centre. Mr. Greene is an "employer" under 29 U.S.C. § 203(d).

10. Defendants are and at all times material hereto have been an "enterprise," within the meaning of the FLSA, 29 U.S.C. § 203(r), and an "enterprise engaged in commerce or in production of goods for commerce," within the meaning of 29 U.S.C. § 203(s).

11. Defendants have at all times material hereto employed Plaintiffs and other similarly situated employees for the purposes of the FLSA.

## JURISDICTION

12. Jurisdiction is conferred upon this Court by 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA") and by 28 U.S.C. § 1331, as this action arises under the laws of the United States. Jurisdiction over the Plaintiffs' claims for declaratory relief is conferred by 28 U.S.C. §§ 2201 and 2202.

13. Venue for this action properly lies in the District of Massachusetts, pursuant to 28 U.S.C. § 1391(b), because the claims arose in this judicial district.

## FACTS

14. The Defendants operate a restaurant called "The Paramount" with locations in the Beacon Hill and South Boston neighborhoods of Boston, Massachusetts, as well as restaurants called "The Blarney Stone" in Boston's Dorchester neighborhood, "The 21st Amendment" in Boston's Beacon Hill neighborhood, and "West on Centre" in Boston's West Roxbury neighborhood. Upon information and belief, the Defendants constitute a common enterprise with interrelated operations, common ownership, and common management.

15. Throughout their employment the Plaintiffs and other similarly situated employees of Defendants regularly have worked in excess of forty hours per week, frequently as much as seventy hours per week or more.

16. For example, Ms. Rivas regularly has worked between forty-five and sixty hours per week at Paramount Beacon Hill. Mr. Brano regularly has worked at both Paramount Beacon Hill and Paramount South Boston, working between sixty and eighty hours per week. Mr. Tobón regularly has worked eighty or more hours per week at Paramount South Boston. Mr. Arango regularly has worked sixty-five or more hours per week at Paramount Beacon Hill.

17. However, Defendants have not paid the Plaintiffs or other similarly situated employees time-and-a-half for their overtime hours, despite the fact that they regularly have worked in excess of forty hours per week.

18. Instead, Defendants have a policy or practice of including no more than forty hours of wages in the Plaintiffs' and similarly situated employees' weekly compensation checks. When Plaintiffs and similarly situated employees work more than forty hours in a given week,

the Defendants pay the wages for the first forty hours of work via a compensation check, and they pay wages for hours worked in excess of forty in cash.

19. Defendants have paid Plaintiffs and similarly situated employees straight time (i.e. their regular rate of pay) for overtime hours worked. Defendants have not paid time-and-a-half for the hours that Plaintiffs and similarly situated employees have worked in excess of forty each week.

20. At times, Defendants have not paid Plaintiffs and similarly situated employees for all hours worked. For example, Mr. Tobón typically has worked eighty hours a week or more. He has been paid for forty hours in his paychecks and for the amount of hours in excess of sixty hours in cash. He has not been paid at all for the twenty hours he works between forty and sixty. Likewise, Mr. Arango typically has worked sixty-five hours or more per week, and for a time he was paid for forty hours in his paychecks and for the amount of hours in excess of sixty hours in cash. He was also not paid at all for the twenty hours between forty and sixty.

21. Plaintiffs and similarly situated employees are not exempt from the overtime protections under the FLSA. They perform or performed non-managerial work at Defendants' restaurants.

## Count I

### FLSA OVERTIME VIOLATION

22. The allegations set forth in the preceding paragraphs are incorporated herein.

23. At all relevant times, Defendants have been employers engaged in interstate commerce consistent with 29 U.S.C. §§206(a) and 207(a).

24. At all relevant times, Defendants have employed Plaintiffs and each member of the collective action class consistent with the terms of the FLSA.

25. At all relevant times, Defendants have had annual gross revenues in excess of $500,000.

26. As a consequence of Defendants' employment practices whereby they have failed to pay Plaintiffs and similarly situated employees time-and-a-half their regular rate for hours they have worked in excess of forty per week, Plaintiffs and similarly situated employees have been denied statutory overtime wages.

27. Plaintiffs and similarly situated employees are or were employees of Defendants within the meaning of the FLSA, and, as such, are or were entitled to the benefits of the FLSA's overtime wage requirements.

28. Defendants have failed to pay appropriate overtime wages under the FLSA.

29. Defendants' failure to pay appropriate overtime wages was a knowing and willful violation of the FLSA.

WHEREFORE, Plaintiffs respectfully request:

A. All applicable statutory damages, including compensatory and liquidated damages;

B. A Declaration that Defendants violated the FLSA;

C. An Order directing Defendants to comply with the FLSA;

D. An Order designating this action as a collective action pursuant to 29 U.S.C. § 216(b);

E. An Order awarding counsel for Plaintiffs reasonable attorneys' fees and costs; and

F. Any further relief which the Court deems just and appropriate.

PLAINTIFFS DEMAND A TRIAL BY JURY

Respectfully submitted,

MARIA ADELA RIVAS, VALTER RAMOS BRANO, GABRIEL DEJESUS TOBÓN, and EUPRIDES ARANGO, individually and on behalf of all others similarly situated,

by their attorneys,


*/s/ Shannon Liss-Riordan*_____
Shannon Liss-Riordan, BBO #640716
Thomas Fowler, BBO #688521
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994 – 5800
sliss@llrlaw.com
tfowler@llrlaw.com

May 15, 2015